UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                          CRIMINAL NO. 3:14-CR-117-DPJ-FKB

WALTER PERNILLO

ORDER

Defendant Walter Pernillo asks the Court to reduce his sentence and appoint counsel. *See* Def.'s Mot. [336]. For the following reasons, his motion is denied.

I.      Background

Walter Pernillo is a California resident who participated in a substantial drug-trafficking conspiracy to distribute methamphetamine in Mississippi. On January 28, 2015, he pleaded guilty to conspiracy to possess with intent to distribute more than 50 grams of methamphetamine. 21 U.S.C. § 846. On April 21, 2016, the Court sentenced Pernillo to 151 months in prison. The sentence was at the bottom of the applicable guideline range. Pernillo now seeks resentencing under 18 U.S.C. § 3582(c)(2).

II.     Analysis

Pernillo submits a form motion on which he filled in blanks to identify the sentencing court, sentencing date, guideline calculations, sentence, and projected release date. Def.'s Mot. [336] at 1. The motion states in relevant part: "I hereby respectfully request a modification or reduction of my sentence pursuant to 18 U.S.C. § 3582(c)(2) and the new guideline amendment 782 to the United States Sentencing Guidelines, which make a reduction in the base offense level for most drug offenses retroactive as of November 1, 2014." *Id.*

"Section 3582(c)(2) grants discretion to a district court to modify a sentence that was based on a guidelines range which was later lowered by the Sentencing Commission." *United States v. Lopez-Cisneros*, No. 19-40732, 2020 WL 61619, at *1 (5th Cir. Jan. 6, 2020). The Sentencing Commission did that with Amendment 782, which allowed a two-level reduction in the base offense level for drug-trafficking offenses found in § 2D1.1 of the Sentencing Guidelines. *United States v. Morgan*, 866 F.3d 674, 675 (5th Cir. 2017).

Pernillo is not eligible for this reduction because he has already received it. Amendment 782 became effective on November 1, 2014. *See* U.S.S.G. App. C, Amend. 782. Pernillo was sentenced on April 21, 2016, and his guideline calculations reflected the two-level reduction. Section 3582(c)(2) does not apply. *See United States v. Summers*, 740 F. App'x 434 (5th Cir. 2018) (affirming denial of motion where defendant was sentenced after effective date of Amendment 782).

Finally, Pernillo's request for counsel is likewise denied. Title 18 U.S.C. § 3006A governs appointment of counsel to indigent defendants. It requires that a person—like Pernillo—"for whom counsel is appointed . . . be represented at every stage of the proceedings from his initial appearance . . . through appeal, including ancillary matters appropriate to the proceedings." 18 U.S.C. § 3006A(c). But the Fifth Circuit has held that a motion under § 3583(c)(2) "is 'too far removed to be considered "ancillary" to the criminal proceeding.'" *United States v. Hereford*, 385 F. App'x 366, 368 (5th Cir. 2010) (quoting *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995)). Section 3006A(a)(2)(B) also permits a district court to provide representation for "any financially eligible person . . . seeking relief under section 2241, 2254, or 2255 of title 28" where "the interests of justice so require." But Pernillo has not filed a motion under any of those statutes. Pernillo has pointed to no statutory basis for

appointment of counsel to assist him with his otherwise meritless motion, so his request for counsel is denied.[1]

III. Conclusion

For the foregoing reasons, Pernillo's Motion for Modification of Sentence [336] is denied.

**SO ORDERED AND ADJUDGED** this the 9th day of January, 2020.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] It should be noted that after the First Step Act became law, the Court appointed the Federal Public Defender for the Southern District of Mississippi (FPD) "to represent any defendant previously determined to have been entitled to appointment of counsel, or who was previously represented by retained counsel and is presently indigent, to determine whether the defendant may qualify to seek reduction of sentence and to present any motions or applications for reduction of sentence." No. 3:40-MC-11, Feb. 6, 2019 Order [23]. The FPD, working with the United States Probation Office and a designee for the United States Attorney, identified those inmates who were eligible for a reduction. Pernillo, who was represented by appointed counsel before sentencing, was not included in the list of eligible inmates. After Pernillo filed this motion, the United States Probation Office sent an October 1, 2019 letter to the Court, the FPD, and the United States Attorney designee recommending that the Court deny Pernillo's motion for the reasons stated in this Order. The Court agrees with the recommendation.