UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                        CRIMINAL NO. 3:14-CR-117-DPJ-FKB

WALTER PERNILLO

ORDER

Defendant Walter Pernillo returns to Court a third time seeking a reduction in his

sentence based on an alleged miscalculation of his criminal-history category.  He does not cite

any applicable statutes or rules that would allow this relief.  The motion is denied because the

Court lacks jurisdiction to hear it; Pernillo waived his right to seek this relief; and his criminal-

history score was correct.

I.        Background

Pernillo and nine others were charged in a 12-count indictment for conspiring to

distribute methamphetamine.  On January 28, 2015, Pernillo pled guilty to Count I of that

indictment charging him under 21 U.S.C. § 846.  Pernillo's Pre-Sentence Investigation Report

recorded four criminal-history points placing him in a criminal-history category of III.  *See* PSR

[315] ¶ 106.  After all adjustments, his guideline range was calculated based on an offense level

of 32, producing a guideline range of 151 to 188 months.  On April 21, 2016, the Court

sentenced Pernillo to serve 151 months.

This is Pernillo's third attempt to reduce his sentence.  On April 17, 2017, Pernillo filed a

motion to vacate under 28 U.S.C. § 2255 arguing (1) that his attorney was ineffective for failing

to object to the inclusion of his misdemeanor offenses in his criminal-history calculation and (2)

that the Court erred when it included two older convictions in that calculation.  *See* Def.'s Mot.

[332].  The Court rejected the ineffective-assistance argument because Pernillo's attorney correctly analyzed the guideline calculations.  *See* Apr. 24, 2017 Order [334] at 3.  The Court rejected the second argument because the convictions were properly included and because Pernillo waived his right to challenge the calculations when he signed his plea agreement.  *Id.* at 8.

Pernillo next sought a reduction on September 30, 2019, citing 18 U.S.C. § 3582(c)(2), which allows modification if the guidelines are lowered by the Sentencing Commission after judgment.  *See* Def.'s Mot. [336].  The Court rejected that argument because the amendments Pernillo cited occurred before he was sentenced.  *See* Jan. 9, 2020 Order [337] at 2.

Pernillo now says his guideline calculations were incorrect because they included his February 25, 2005 conviction for possession of marijuana.  Def.'s Mot. [364] at 1.  According to Pernillo, the conviction was just a misdemeanor, and he offers records supporting his claim.  Pernillo is factually correct that the February 25, 2005 conviction was a misdemeanor, but it does not alter his guideline calculations because they treated the conviction as a misdemeanor.

II.     Analysis

A.      The Court Lacks Authority to Modify the Sentence

Pernillo fails to identify a statute or rule that would allow a modification of his sentence.  There are two likely candidates, but neither helps Pernillo.  First, 18 U.S.C. § 3582 states that "[t]he court may not modify a term of imprisonment once it has been imposed" unless the defendant establishes one of the exceptions listed in that statute.  None of those exceptions apply here.[1]  Second, Federal Rule of Criminal Procedure 35(a) allows modification for "clear error,"

---

Section 3582 states:

---

The court may not modify a term of imprisonment once it has been imposed except that--

(1) in any case--

    (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

        (i) extraordinary and compelling reasons warrant such a reduction; or

        (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

    and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

    (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

but such motions must be filed "[w]ithin 14 days after sentencing."   Pernillo waited over four years.  Accordingly, the Court lacks jurisdiction to hear this motion.[2]

### B.      Pernillo Waived this Issue

As part of his plea deal, Pernillo waived the right to "contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding."  Plea Agreement [184] ¶ 8(a).  The Court thoroughly questioned Pernillo regarding this waiver and was convinced that he knowingly and voluntarily agreed to its terms; Pernillo waived his right to contest the guideline calculations.

### C.      Merits

Even if jurisdiction existed and Pernillo had not waived his right to file this motion, it would still fail.  Pernillo says his criminal-history category was miscalculated because his February 25, 2005 conviction for possession of marijuana was merely a misdemeanor.  Def.'s Mot. [364] at 1.  Pernillo is factually correct that the conviction was a misdemeanor, but his legal argument is unclear.  The Pre-Sentence Investigation Report assigned one criminal-history point to that offense, which is the correct number of points for a misdemeanor under U.S.S.G. § 4A1.1(c).  *See* PSR [315] ¶ 101.  Thus, the conviction was correctly treated as a misdemeanor rather than a felony.  Pernillo seemed to recognize that fact when he filed his motion to vacate under § 2255.  *See* Def.'s Mem. [333] at 6 (CM/ECF pagination) (arguing that "a sentencing court may not use a petitioner's prior convictions to award him criminal history points after a

---

[2] The Court will not treat this motion as a second or successive motion under 28 U.S.C. § 2255 because Pernillo is not "claiming the right to be released."  28 U.S.C. § 2255(a); *cf. United States v. Segler*, 37 F.3d 1131, 1136–37 (5th Cir. 1994) (holding that motion was not successive because it did not seek release).  If this was a second or successive petition, the Court would dismiss it because Pernillo failed to obtain leave to file a second or successive petition from the Fifth Circuit Court of Appeals.  *See* 28 U.S.C. § 2255(h).

conviction, for a misdemeanor, is over 10 years old").  So if he now claims that he received too many points for the misdemeanor, he is mistaken.  If, on the other hand, he is again asserting that the misdemeanor was too old to count—something he does not specifically say—then the Court already addressed that issue in its previous order.  *See* Apr. 24, 2017 Order [334] at 3–5.  Either way, the Court correctly calculated the criminal-history category, and Pernillo is entitled to no relief.

III.     Conclusion

For the foregoing reasons, Pernillo's Motion [364] is denied.

**SO ORDERED AND ADJUDGED** this the 3rd day of December, 2020.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE