UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                              CRIMINAL NO. 3:14-CR-117-DPJ-FKB

WALTER PERNILLO

ORDER

Defendant Walter Pernillo is again before the Court seeking a reduced sentence, this time with two motions for "departure."  Mots. [383, 393].  Those motions are denied.

I.      Facts and Procedural History

Pernillo and nine others were charged in a 12-count indictment for conspiring to distribute methamphetamine.  On January 28, 2015, Pernillo pleaded guilty to the single charge against him, and on April 21, 2016, the Court sentenced Pernillo to a bottom-of-the-guidelines 151-month term of incarceration.

Pernillo's current motions represent his fourth and fifth tries to reduce his sentence.  The Court has already denied a § 2255 motion [332], a compassionate-release motion [336], and a motion to correct sentence [364].  *See* Order [334]; Order [337]; Order [366].  This time, Pernillo takes a kitchen-sink approach, claiming that he has suffered hardships while incarcerated, is deportable, and has done well while incarcerated.

II.     Analysis

"'A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)) (cleaned up).  Those circumstances are set forth in 18 U.S.C. § 3582(c):

(1) [I]n any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 944(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Pernillo seems to invoke § 3582(c)(1)(A)(i), which allows modification for "extraordinary and compelling reasons." But his two main arguments are probably beyond

§ 3582(c)'s scope, which would mean jurisdiction is lacking.  *See United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010) (noting lack of jurisdiction absent § 3582 circumstances). [1]

Assuming jurisdiction exists to consider Pernillo's departure arguments, the cases he cites don't help:  *United States v. Smith*, 27 F.3d 649 (D.C. Cir. 1994), and *United States v. Kanui*, No. 13-667, 2022 WL 4120784 (D. Haw. Sept. 9, 2022).  First, Pernillo seeks a "*Smith* departure." Mot. [383] at 1.  In *Smith*, the court considered "whether a sentencing court may depart below the range indicated below the Sentencing Guidelines where the defendant, solely because he is a deportable alien, faces the prospect of objectively more severe prison conditions than he would otherwise."  27 F.3d at 650.  The *Smith* court found that sentencing courts may depart on that basis, but it stopped short of saying they should.  *Id.* at 655–56.  The problem for Pernillo is that the defendant in *Smith* was appealing his original sentence.  Here, Pernillo waived his right to contest any such errors on direct appeal or through post-conviction proceedings.  *See* Presentence Report [184] at 5.  Even if he hadn't, the time to appeal passed about seven years ago, and a motion under § 2255 would be untimely and successive.

Turning to *Kanui*, the district court granted the defendant's motion for compassionate release, concluding that "extraordinary and compelling reasons justif[ied]" relief and relying in particular on "a significant sentencing disparity caused by changes to the career-offender designation."  2022 WL 4120784, at *6.  Pernillo says that his 151-month term of imprisonment

---

[1] Though not yet effective, the Sentencing Commission recently amended § 1B1.13, the applicable policy statement for compassionate release.  Those amendments broaden the grounds for compassionate release and add a catch-all basis for "other reasons" of similar gravity to those described in § 1B1.13.  How far the other-reasons ground extends has not been tested in court, but it could possibly reach legal arguments like Pernillo's.  Even if it did, and even if the amendments could apply retroactively to his sentence, the Court would still find that compassionate release is not warranted because the circumstances are neither compelling nor extraordinary and the § 3553(a) factors still weigh against relief.

"is disproportionately long compare[d] to the term of imprisonment he would receive if sentenced today," but, unlike Kanui, Pernillo was not sentenced as a career offender. Mot. [393] at 2. Plus, Pernillo never clearly explains how the applicable statutes or the sentencing guidelines have changed since he was sentenced such that he would face a shorter term if sentenced today.[2]

Also, if Pernillo offers his *Smith* and *Kanui* arguments under § 3582(c)(1)(A)(i), and assuming they could fall within that statute, they do not reflect "extraordinary and compelling reasons" individually or when combined with the other facts Pernillo asserts. For example, while the Court sincerely commends Pernillo for obtaining his GED and participating in programming while incarcerated, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason [for a sentence reduction]." 28 U.S.C. § 994(t). And neither his deportation status nor the other hardships he mentions are extraordinary and compelling. The Court does not mean to diminish Pernillo's concerns, but they are similar to those most inmates face.

Finally, even if Pernillo presented extraordinary and compelling reasons to justify a sentence modification, the Court would find the relief inappropriate after reviewing the factors found in 18 U.S.C. § 3553(a). The Court weighed each sentencing factor during the original sentencing hearing, including the possibility of sentencing disparities (something Pernillo now mentions). His sentence was longer than those some co-defendants received but about half of others. In short, it was appropriate given the drugs he supplied, his criminal history, his relative

---

[2] As the Court noted in a previous order, Pernillo received the reduction called for by Amendment 782 of the Sentencing Guidelines. Order [337] at 2.

4

culpability, and the other relevant factors the Court more specifically stated on the record. The bottom-of-the-guideline-range sentence remains appropriate.

III.     Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For these reasons, Pernillo's motions [383, 393] are denied.

**SO ORDERED AND ADJUDGED** this the 19th day of October, 2023.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE